AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 12, 2022*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jimmy Caston BRYAN | ) | Case No. **4:22-mj-1099** |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 4, 2022__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1.) Title 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(A) | 1.) Possession with intent to distribute methamphetamine |
| 2.) Title 18 U.S.C. § 924(c)(1)(A) | 2.) Use or carry a firearm during and in relation to a drug trafficking crime |

This criminal complaint is based on these facts:

See Attachment A.

☐ Continued on the attached sheet.

*Complainant's signature*

John OBrien, Task Force Officer
*Printed name and title*

Sworn to before me telephonically

Date: May 12, 2022

*Judge's signature*

City and state: Houston, Texas

Christina A. Bryan, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A:

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John O'Brien, being duly sworn telephonically, depose and state as follows:

1. I am a Task Force Officer of the Drug Enforcement Administration (DEA), within the meaning of Title 18, United States Code § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code § 2516. I am responsible for conducting and assisting in investigations into violations of US narcotics laws. I am employed as a Deputy, by the Harris County Sheriff's Office, and am assigned as a Task Force Officer (TFO), with the United States Drug Enforcement Administration (DEA), Department of Justice, in Houston, Texas. I have been employed by the Harris County Sheriff Office for the last 23 years and have been assigned as a TFO, assigned to DEA, since November 2008. I have received courses of instruction from DEA relative to the investigative techniques and the conducting of drug and financial investigations. I have participated in and conducted investigations which have resulted in the arrests of individuals who have smuggled, received and distributed controlled substances, including marijuana, cocaine, methamphetamine, and heroin, as well as the seizure of illegal drugs and proceeds of the sale of those illegal drugs. In addition, I have conducted, in connection with these and other cases, follow up investigations concerning the concealment of drug produced assets, money, bank records, etc., and the identification of drug conspirators through the use of ledgers, telephone bills and records, photographs and bank checks, as related to drug trafficking. I have participated in investigations involving the interception of wire and electronic communications and am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing drugs,

their use of cellular devices, and their use of numerical codes and code words to conduct their illegal transactions.

2. Based upon my training, experience, and participation in narcotics trafficking and firearms cases, which have resulted from violations of the Title 21 and Title 18, I prepared this Affidavit in support of a criminal complaint charging Jimmy Caston **BRYAN** with violating Title 21 U.S.C. § 841(a)(1) and § 841 (b)(1)(A), possession with intent to distribute methamphetamine, and Title 18 U.S.C. § 924(c)(1)(A), use or carry a firearm during and in relation to a drug trafficking crime.

## PROBABLE CAUSE

3. The Drug Enforcement Administration (DEA), Houston Police Department (HPD), and the Texas Department of Public Safety CID (DPS) conducted a narcotics investigation on May 4, 2022. This investigation was targeting a methamphetamine trafficker that goes by "Jimbo". After further investigation, "Jimbo" was learned to be Jimmy Caston **BRYAN** (hereinafter referred to as **BRYAN**).

4. On May 3, 2022, DEA Task Force Officers received information from a source of information (SOI) that **BRYAN**, who the SOI knew as "Jimbo," had at least a kilogram of methamphetamine and possibly three firearms in his possession. The SOI advised that **BRYAN** was a retail street dealer, who the SOI knew to traffic narcotics in the Houston area. The SOI advised that **BRYAN** was residing in a hotel in the Houston area, near the area of Interstate 45 south and Beltway 8 (specifically, Mustang Inn, room 224), within the Southern District of Texas. The SOI further advised that **BRYAN** was driving an older model dark color Chevrolet truck with aftermarket rims, or chrome rims that were not factory and placed on after the purchase of the vehicle from a dealership.

5. On May 4, 2022, DEA, HPD, and DPS began conducting surveillance in the aforementioned area. HPD officers were able to ascertain that room 224 was occupied, after HPD officer made an inquiry with the management to see if the room was rented for the previous night.

6. Surveillance units observed **BRYAN** and a female exit out of room 224, carrying bags, including a rolling suitcase. **BRYAN** and the female approached an older model Chevrolet truck with aftermarket rims, bearing Texas tag GCB0609. While at the vehicle, **BRYAN** placed all the bags inside the vehicle and returned to room 224. At approximately 11:15 a.m., **BRYAN**, carrying a backpack style bag, and the same female exited the room. **BRYAN** approached the aforementioned Chevrolet truck and got inside, and the female got into a small gray colored Ford sedan. Surveillance units continued surveillance on the dark colored Chevrolet truck, as **BRYAN** (who was the sole occupant) exited the motel parking lot and drove south onto feeder road at a high rate of speed. Surveillance units maintained a visual on the Chevrolet truck as it traveled south on the feeder road of Interstate 45. Surveillance units observed **BRYAN** commit multiple traffic violations, including unsafe lane change, failure to use turn signal when changing lanes, and crossing solid white line, and surveillance subsequently asked for HPD marked units to conduct a probable cause traffic stop on the Chevrolet truck for the traffic violations that were committed.

7. HPD marked unit number 95Z16 conducted the traffic stop on **BRYAN** for speeding, specifically, driving 70 miles per hour in a posted 45 mile per hour zone, and for failure to use a turn signal when changing lanes, at 14300 Gulf Freeway, Houston Texas. Two HPD Officers wearing full Houston Police uniforms made contact with **BRYAN**, with one officer on the driver side and the other on the passenger side of the vehicle. The sole occupant of the vehicle was later identified as **BRYAN**. While the officer on the driver side spoke with **BRYAN**

through the driver side window of the truck, the officers observed that **BRYAN** was extremely nervous. The officer on the driver side officer asked for **BRYAN**'s identification at which time **BRYAN** began reaching around the vehicle as if he was looking for an identification, but he was unable to produce identification for the officer. **BRYAN** placed both hands in the air when he saw the second officer on the passenger side of his vehicle. The officer on the passenger side of the vehicle made his way in front of **BRYAN's** vehicle. The officer on the driver side then asked **BRYAN** to exit his vehicle. **BRYAN** responded, "Are you asking me are or you telling me?" As the officer on the driver side instructed **BRYAN** to exit his vehicle, **BRYAN** took off his seatbelt as the officer opened **BRYAN**'s door, and at the same time, **BRYAN** quickly reached into his waistband with his right hand and pulled out a semi-automatic handgun. **BRYAN** instantly raised the handgun and began shooting at the officers. **BRYAN** shot and struck the passenger side officer twice, once in the chest and once in the right hip as that officer made his way to the front driver side of **BRYAN**'s truck. Both officers struck **BRYAN** multiple times during the return of gunfire. The passenger side officer and **BRYAN** were taken to the hospital for injuries sustained during the exchange of gunfire. Prior to leaving the scene, BRYAN stated that he didn't want to go back to prison.

8. During a subsequent search of **BRYAN's** vehicle, narcotics were located in the white backpack, located inside the passenger compartment of the vehicle. The white backpack appeared to match the one that **BRYAN** was observed carrying from room 224 to the truck. Inside the white backpack, officers located 51 grams of methamphetamine in a clear plastic bag, 20 grams methamphetamine in a clear plastic bag, 13 grams of heroin in a clear plastic bag, 9 grams of methamphetamine in a clear plastic bag, 9 grams of methamphetamine in a clear plastic bag, and 21 grams of methylenedioxymethamphetamine (MDMA) in a clear

plastic bag. Officers also recovered a Texas identification card in the name of Jimmy **BRYAN**, inside the same bag that the aforementioned narcotics were found. Through my training and experience in narcotics investigation, the packing of the narcotics was consistent with how drug traffickers package their narcotics for distribution. Inside the backpack there was a digital scale that it is consistent with what drug traffickers use for weighing and distributing narcotics. Officers also located two handguns inside the backpack, including one silver colored revolver and a semi–automatic handgun.

9. It was later learned that **BRYAN** had a criminal history, including felony convictions for possession of controlled substance and theft of firearm.

## CONCLUSION

10. Based upon the above, I submit there is probable cause to believe that Jimmy Caston **BRYAN** knowingly and intentionally violated Title 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A), possession with intent to distribute methamphetamine, and Title 18 U.S.C. § 924(c)(1)(A), use or carry a firearm during and in relation to a drug trafficking crime.

_____
John O'Brien, Task Force Officer
Drug Enforcement Administration

Sworn and subscribed to by telephone on this 12th day of May 2022, and I find probable cause.

_____
Christina A. Bryan
United States Magistrate Judge